ADAM P. KARP, ISB 8913
ANIMAL LAW OFFICES
114 W. Magnolia St., Ste. 400-104
Bellingham, WA  98225
888.430.0001
adam@animal-lawyer.com

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| **REBECCA FRAZIER-FRANCKE,**<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF MARSING,** et al.;<br><br>Defendants. | Case No.:<br><br>**MOTION TO WAIVE BOND** |

Plaintiff **REBECCA FRAZIER-FRANCKE,** through attorney **ADAM P. KARP,** moves the court to waive bond under IC 6-610, which imposes an *ante litem* bonding requirement where suit is lodged against defendant law enforcement officers for civil rights violations, as alleged here under federal and state law. As alleged, defendant Graham issued Frazier a sham criminal citation under a nonextant Marsing law and then relied upon it to seize Frazier's dog Odus. Defendant Hammond threatened Frazier with such sham charge and participated in Odus's removal, along with Defendant Gist. Nearly five months later the Marsing city prosecutor dismissed the charge in Frazier's favor. Odus was returned to Frazier over four months after his removal.

"In Idaho, a plaintiff is required, as a condition precedent to filing a lawsuit against any law enforcement officer when the action arises out of the performance of his duty, to prepare and file a bond at the time of the filing of the complaint. *Gordan Ocampo v. Corizon,* LLC, 1:18-CV-

**MOTION TO WAIVE BOND** -  1

00047-DCN, 2019 WL 1495251, at *10 (D. Idaho Apr. 4, 2019) (citing Idaho Code § 6-610). Once the bond amount is fixed and posted, "[a]t any time during the course of a civil action against a law enforcement officer, the defendant or respondent may except to the sufficiency of the sureties or to the amount of the bond." I.C. § 6-610(4). If the defendant takes exception to the amount of the bond, he may file a motion and the Court may increase the amount. I.C. § 6-610(7). The stated purpose of Idaho Code § 6-610's bond requirement is, "in the event judgment is entered against the plaintiff or petitioner, for the payment to the defendant or respondent of all costs and expenses that may be awarded against the plaintiff or petitioner, including an award of reasonable attorney's fees as determined by the court." I.C. § 6-610(2). In a case against a law enforcement officer, under Idaho Code § 6-610(3) "the prevailing party shall be entitled to an award of costs as otherwise provided by law."

"The Idaho Court of Appeals and this Court have both recognized that Idaho Code § 6-610 only applies to state law claims against law enforcement officers–it does not apply to alleged violations of constitutional rights brought pursuant to 42 U.S.C. § 1983." *ET v. Lake Pend Oreille Sch. Dist. No. 84,* 2:10cv-00292-EJL-CWD, 2012 WL 13133641, at *5 (D. Idaho Jan. 12, 2012) (citing *Ayala v. U.S.,* CV09-14-S-BLW, 2010 WL 299153 (D. Idaho Jan. 19, 2010); *Hyde v. Fisher*, 152 P.3d 653, 658 (Idaho Ct. App. 2007) ("To impose a bond requirement under state law as a precondition to the filing of an [action under federal law] would impermissibly burden the rights protected by that federal statute."). The instant action is primarily an action brought under 42 U.S.C. §1983 for violation of the Plaintiff's 4th Amendment rights to be free from unreasonable searches and seizures, i.e., for falsely charging Plaintiff with a crime without probable cause and in retaliation for what they believed was an unreasonable but lawful refusal to surrender Odus. *See [Proposed] Complaint*, attached to Plaintiff's *Motion to Set Bond*. Obviously, these claims under

**MOTION TO WAIVE BOND** - 2

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

federal law, §1983 require no bond. *See Hill v. County of Benewah*, 2:18-CV-00320-DCN, 2020 WL 1049905, at *4 (D. Idaho Mar. 4, 2020) ("... it is true a bond is not required for claims brought pursuant to 42 U.S.C. § 1983 ...."). Consequently, a bond is required in this case only for Plaintiff's state law claims, which are governed by the Idaho Tort Claims Act, Idaho Code § 6-901, *et seq.*

In determining what bond to set for pendent state claims, the court must analyze the relative likelihood that defendants will prevail and the likelihood they will meet their burden in proving a right to a substantial amount of attorney's fees. Fees to the "prevailing party" are based on what is "otherwise provided by law," viz., the Idaho Tort Claims Act ("ITCA"), which requires a showing "by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." IC 6-918A. The Idaho Court of Appeals has held that this standard, not IC 6-610, applies exclusively to motions for award of costs and fees in cases brought against Idaho law enforcement officers. *Beehler v. Fremont Cy.,* 145 Idaho 656, 659 (App.2008). Whether the defendants are likely to so prevail turns on available defenses. The best ones are supplied by the immunities set forth in the ITCA, viz., IC 6-904(3) ("Arises out of… malicious prosecution, abuse of process"). This will be defendants' strongest defense against state law claims of malicious prosecution and abuse of process.

"Malice" refers to the "intentional commission of a wrongful or unlawful act, without legal justification or excuse and with ill will, whether or not injury was intended." *Bliss v. Minidoka Irrigation Dist.,* No. 46374, 2020 Ida. LEXIS 140, *33 (Idaho 7.15.20) (quoting *Miller v. Idaho State Patrol,* 150 Idaho 856, 870 (2011)). The undisputed facts involve deputy Hammond demanding removal of Odus and, upon refusal by Frazier, leaving only to return a short time later with Gist and Graham, sham criminal citation in hand. No legal basis warranted the extortionate

**MOTION TO WAIVE BOND** - 3

threat of criminal prosecution, order of removal of Odus from city limits, much less the criminal charge under a nonextant ordinance and seizure without warrant or exception to the warrant requirement. On these facts, defendants will be unable to prove with clear and convincing evidence that Frazier's action was brought, pursued, or maintained in bad faith. Hence, the court should set bond at $0.

Judge Winmill routinely sets bond at low amounts subject to the defendants' right to petition for an increase. *Copeland v. Bannock Cy.,* 4:19-cv-00089-BLW (D. Idaho 3.13.19)(conditionally setting bond at $500 in § 1983 litigation, subject to defendants' statutory right to petition for increase) (see attached).

Accordingly, Frazier requests complete waiver of the IC 6-610 bond.

Respectfully submitted this August 17, 2020

ANIMAL LAW OFFICES

_____
Adam P. Karp, ISB 8913

**MOTION TO WAIVE BOND** - 4

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAN COPELAND,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF BANNOCK, STATE OF IDAHO; ROBERT POLEKI, individually and in his capacity as a County Clerk for the County of Bannock, TOM SELLERS, individually,<br><br>Defendant. | Case No. 4:18-cv-00089<br><br>ORDER |

**ORDER**

Before the Court is Plaintiffs Motion to Set Bond Pursuant to Idaho Code § 6-610.

Section 6-610(2) requires that:

> Before any civil action may be filed against any law enforcement officer or service of civil process on any law enforcement officer, when such action arises out of, or in the course of the performance of his duty, or in any action upon the bond of any such law enforcement officer, the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court.

Plaintiff indicates in their motion that they contemporaneously filed a $500.00 bond with the Court. Dkt. 1. However, no such bond has been filed – apparently due to an oversight in the offices of Plaintiff's counsel. The Court will not address whether this

ORDER - 1

failure constitutes non-compliance with the requirements of the statute. That issue may be addressed in subsequent proceedings.

In light of these circumstances, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion. The Court will conditionally set the amount of the required bond at $500, subject to Defendants' right to except to the amount of the bond in the manner set forth in Idaho Code § 6-610(4). If such an exception is filed, the Court will then take up the issue of whether the bond amount should be increased.

DATED: March 13, 2019

B. Lynn Winmill
U.S. District Court Judge

ORDER - 2

ADAM P. KARP, ISB 8913
ANIMAL LAW OFFICES
114 W. Magnolia St., Ste. 400-104
Bellingham, WA  98225
888.430.0001
adam@animal-lawyer.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| **REBECCA FRAZIER-FRANCKE,** <br><br> Plaintiff, <br><br> vs. <br><br> **CITY OF MARSING,** an Idaho municipal corporation; **OWYHEE COUNTY,** an Idaho municipal corporation; **CODY HAMMOND** in his individual and official capacities, and his marital community; **TYEE GRAHAM** in his individual and official capacities, and his marital community; **HARVEY GIST** in his individual and official capacities, and his marital community; <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

Plaintiff **REBECCA FRAZIER-FRANCKE,** through attorney of record **ADAM P. KARP** of **ANIMAL LAW OFFICES,** alleges:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 2201, and 2202; and venue is properly set in the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1391.

2. The causes of action arise from factual allegations occurring in this judicial district.

**COMPLAINT** - 1

3.     Plaintiff **REBECCA FRAZIER-FRANCKE** ("Frazier") resides in the City of Marsing, Owyhee Cy., Idaho.

4.     Six-year-old, neutered male mixed breed dog **ODUS** was and is regarded as Frazier's sentient personalty and immediate family member.

5.     Defendant **OWYHEE COUNTY** ("County") is a political subdivision organized under the laws of the State of Idaho, situated in the State of Idaho, and the employer/principal of individual defendants Hammond and Graham. County is sued under *respondeat superior* for the illegal actions of its employees regarding state claims.

6.     Defendant **CITY OF MARSING** ("City") is a municipal corporation, organized under the laws of the State of Idaho, situated in the State of Idaho, and the employer/principal of individual defendants Hammond, Graham, and Gist. City is sued under *respondeat superior* for the illegal actions of its employees regarding state claims.

7.     Defendant **CODY HAMMOND** ("Hammond") is, and at all germane times was an employee and/or agent of County and City, acting within the course and scope of his employment for purposes of state law, and under color of state law for purposes of federal law. He is being sued in his personal and official capacities. The marital or domestic partnership community of Hammond has also been sued on the basis that the acts of Hammond enriched the marital or domestic partner community. Should such community not exist, Hammond is sued individually.

8.     Defendant **TYEE GRAHAM** ("Graham") is, and at all germane times was an employee and/or agent of County and City, acting within the course and scope of his employment for purposes of state law, and under color of state law for purposes of federal law. He is being sued in his personal and official capacities. The marital or domestic partnership community of Graham

**COMPLAINT** - 2

has also been sued on the basis that the acts of Graham enriched the marital or domestic partner community. Should such community not exist, Graham is sued individually.

9. Defendant **HARVEY GIST** ("Gist") is, and at all germane times was an employee and/or agent of City, acting within the course and scope of his employment for purposes of state law, and under color of state law for purposes of federal law. He is being sued in his personal and official capacities. The marital or domestic partnership community of Gist has also been sued on the basis that the acts of Gist enriched the marital or domestic partner community. Should such community not exist, Gist is sued individually.

10. Frazier's claim for attorney's fees and costs is authorized by, *inter alia*, 42 U.S.C. § 1988. No administrative claim filing or other pre-litigation requirements apply to her claims against Defendants under 42 U.S.C. § 1983.

11. On or about February 24, 2020, the Marsing City Clerk was duly served with a *Notice of Claim* compliant with IC 6-906 et seq. in all respects on behalf of Frazier. More than ninety days have elapsed since Frazier filed her claim with the City.

12. On or about February 21, 2020, the Owyhee County Clerk was duly served with a *Notice of Claim* compliant with IC 6-906 et seq. in all respects on behalf of Frazier. More than ninety days have elapsed since Frazier filed her claim with the County.

13. Plaintiff's claims for attorney's fees and costs is authorized by, *inter alia*, 42 U.S.C. § 1988 and Idaho Code § 12-117.

14. Plaintiff asks the court to waive any bond requirement under IC 6-610(2) given the Supremacy Clause of the United States Constitution, which preempts and invalidates it.

15. This court has personal jurisdiction over the Defendants.

**IV. ALLEGATIONS CONCERNING SEIZURE OF ODUS AND CRIMINAL CHARGE**

**COMPLAINT** - 3

16. Frazier has resided in the City for thirty-three (33) years and presently owns a home within city limits, on which she pays property and other municipal taxes.

17. Frazier operates a daycare from her home named Lizard Butte Learning Center ("LBLC").

18. Frazier acquired Odus in 2014. He became an instantly beloved family member to Frazier and her two daughters. He also became an integral part of LBLC, introducing an element of mirth and reducing anxieties for new daycare clients.

19. Odus was never cited for having bitten a person.

20. Odus was never declared vicious, dangerous, or potentially dangerous.

21. Frazier was never criminally charged for owning a vicious, dangerous, or potentially dangerous dog prior to the unconstitutional matter described herein.

22. On September 11, 2019, Graham and Hammond made contact with Frazier at her residence. Hammond unlawfully demanded that Odus be immediately removed from city limits. Frazier, within her rights, refused.

23. Hammond left and, a short time later, returned with Graham and Gist, again entering her premises.

24. Graham issued Frazier a criminal citation for violating a nonextant law, viz., Marsing Municipal Code 4-2-4 (Vicious Dog), which he designated as a misdemeanor.

25. MMC 4-2-4 had been repealed on September 12, 2018 by Marsing Ordinance A205, § 3.

26. Without a warrant, or a valid exception to the warrant requirement, Graham, Hammond, and Gist then seized Odus and removed him from her property while observing Frazier endure extreme mental anguish.

**COMPLAINT** - 4

27.     Hammond told Frazier that she would never see him again and that he would be euthanized. At that time, Frazier had no idea where they were taking Odus.

28.     Frazier was never given any paperwork explaining her right to contest the seizure, nor to appeal the alleged claim that Odus was vicious.

29.     After due diligence, Frazier learned that Odus was being held at the City of Wilder's animal shelter and that he would not be released to her under any circumstance.

30.     Frazier was given no right of appeal or any documentation besides the sham criminal citation.

31.     On December 16, 2019, despite having had ample time to review the criminal citation and recognize its obvious invalidity, Marsing Prosecutor Paul Fitzer filed a Criminal Complaint in the matter, *State v. Frazier-Francke,* Owyhee Cy. Dist. Ct. No. CR37-19-1172, repeating the same erroneous reference to a nonextant code, MMC 4-4-1 and 4-2-4.

32.     Even if MMC 4-4-1 and 4-2-4 were extant (i.e., not repealed by Ordinance A205) the operative term was "dangerous," not "vicious," as MMC 4-2-4(A) stated, "The determination of viciousness of such dogs shall be as follows: … probable cause to believe that a dog is dangerous, as defined in section 4-2-1 of this chapter."

33.     However, prior to its repeal by Ordinance A205, MMC 4-2-1 never even defined the term "dangerous."

34.     Indeed, even under the new definition of "dangerous," furnished by Ordinance A205 (MMC 4-2-1 (Ord. A205)), Odus did not remotely satisfy any of the five alternatives and could not have been "vicious" as a matter of law, assuming MMC 4-2-4 were even extent, since he had not allegedly (1) inflicted serious injury on a person, (2) killed a domestic animal, (3) been previously found potentially dangerous where the owner received notice of such determination

**COMPLAINT** - 5

and the animal subsequently met the definition of potentially dangerous dog for a second time in a six-month period, (4) been kept with the intent of using his size, manner, disposition, training or breeding to instill fear in others, or was bred, trained, owned, possessed, or (5) been kept for dogfighting.

35. Defendants had no legal authority to "capture, impound [or] destroy" Odus as an allegedly vicious dog, particularly after Frazier "refuse[d] to surrender the dog," for the deputies and Gist had no "legal means" available to them to seize Odus.

36. Repealed MMC 4-2-4(A) purported to allow an officer to unilaterally determine, prior to deprivation, if the dog were "dangerous" without the benefit of an impartial magistrate or judicial officer, without notice to the owner, without an opportunity to be heard before such determination was made, and without a fair proceeding where the City bore the burden of proof to present admissible evidence subject to cross-examination and rights to subpoena records and witnesses – what amounted to an improper delegation of power without any due process that shocks the conscience and inexorably leads to serious, erroneous deprivations.

37. Additionally, post-deprivation, the City did not afford Frazier a right to a hearing to contest the impound or the possibility that Odus would be killed, not even written notification as short as a sentence stating that if the owner disputes the predeprivation determination or postdeprivation seizure may she appeal by taking whatever steps are required to perfect and initiate such review hearing. The burden of including such notice was nil, assuming any such process even existed.

38. On February 3, 2020, Owyhee County District Court Magistrate Judge Darrington dismissed the criminal case on the prosecutor's motion.

39. Until the charge was dismissed on February 3, 2020, Frazier remained under threat

**COMPLAINT** - 6

Animal Law Offices of
Adam P. Karp, Esq.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

of criminal prosecution.

40. On January 16, 2020, one hundred twenty-eight (128) days after being seized, Odus was released to Frazier's custody after the County realized it had broken the law and violated Frazier's rights.

41. At no time was Frazier given any opportunity to obtain earlier release of Odus, whose genteel nature was admired by City of Wilder Public Works Assistant Steven Carver and City of Wilder Public Works Supervisor Chelsie Johnson.

42. On or about January 6, 2020, however, the City issued her an *Ordinance Violation Warning* to license Odus even though the City knew he was then impounded in the City of Wilder.

43. The City further harassed her by demanding proof of rabies vaccination when she attempted to renew his license, even though the law did not require it. After involvement by Adam P. Karp, Frazier's attorney, the City withdrew this request.

44. As a proximate result of the facts alleged, Frazier suffered loss of enjoyment of life, pain, loss of liberty, mental anguish, mental injury, and suffering, loss of reputation, travel expense, counseling/medical expense, loss of use of Odus, and other damages to be proved at trial.

45. Defendants acts and omissions were fraudulent, oppressive, malicious, and/or outrageous, warranting an award of punitive damages under state and federal law.

### V. CITY CODE'S PROCEDURAL AND SUBSTANTIVE INFIRMITIES

46. Plaintiff resides in the City with Odus and is imperiled by Ordinance A205 ("A205"), enacted by City on September 12, 2018.

47. A205 denies citizens of procedural due process by permitting impoundment of dogs where the police officer or other animal control officer have probable cause to believe that any person has violated any provision of that chapter for which the animal may be impounded whether

**COMPLAINT** - 7

or not the dog is declared potentially dangerous or dangerous. The mere act of impoundment lacks any right to appeal such police action and the code does not require any attempt to notify the owner that the dog has been impounded. See MMC 4.2.5.4 and 4.2.5.1(C) [dog found running at large may be impounded "without the necessity of filing a complaint"] and 4.2.5.2 [animal presenting immediate danger may be impounded].

48.  While MMC 4.2.6.1 provides for written notification (MMC 4.2.6.1(D)), a right to object and a hearing (MMC 4.2.6.1(G)), and a right to appeal (MMC 4.2.6.1(H)), MMC 4.2.6.1 violates procedural due process in several ways, including but not limited to: (i) lack of any right of cross-examination[1]; (ii) lack of right to subpoena records or witnesses; (iii) appearing to dispense with all rules of evidence; (iv) if there is no recording of proceedings, then no ability to meaningfully seek appellate review given the lack of a right to trial *de novo*; (v) the asymmetrical condition that the dog owner must submit evidence under oath or affirmation but, not, seemingly, the City; and (vi) the improper application of a scope of appellate review that defers to the city council, a body of nonlawyers not trained in judicial process, resulting in reversal only if the decision was arbitrary or capricious (i.e., if there was not "sufficient evidence").

## VI. FEDERAL CLAIMS UNDER 42 USC § 1983

**FIRST CLAIM (CITY)** – **Injunctive and Declaratory Relief Under 42 USC § 1983 for Ongoing Violation of Federally-Protected Constitutional Rights by Ord. A205.**

49.  As discussed above, Ord. A205 unconstitutionally deprives citizens of procedural due process, results in unlawful seizures, and takings in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

---

[1] Stating that both parties may "ask questions" does not indicate if made of the opposing party, a witness, or the City Councilmembers.

**COMPLAINT** - 8

Animal Law Offices of
Adam P. Karp, Esq.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

50. Frazier seeks prospective injunctive and declaratory relief to cure its constitutional infirmities.

**SECOND CLAIM (HAMMOND, GRAHAM, GIST)** – **Violation of Federally-Protected Constitutional Rights under Fourth and Fourteenth Amendments under 42 USC § 1983 by Malicious Prosecution, Deprivation of Procedural and Substantive Due Process, and Unreasonable Seizure.**

51. Defendant Graham acted under color of state law in violating Frazier's rights under the Fourth Amendment to the United States Constitution by initiating and/or continuing to criminally charge Frazier with malice and without probable cause, and using that charge as a purported basis to illegally seize Odus and, further, to deny any pre- or postdeprivation hearing.

52. Defendants Hammond, Graham, and Gist acted under color of state law in violating Frazier's rights under the Fourth and Fourteenth Amendments to the United States Constitution by seizing Odus without a warrant or viable exception to the warrant requirement.

53. The prosecution of Frazier concluded in her favor by the prosecutor's motion to dismiss.

54. Their unconstitutional acts were performed intentionally, recklessly, and/or with deliberate indifference.

55. All individual defendants acted with a common purpose, knowing what they were each doing, and contributed to legal injuries that are often difficult to divide, and thus are jointly and severally liable for all remedies (including those for state law claims), except for punitive damages, which are sought individually.

56. Defendants' actions and inactions in seizing Odus and withholding him from Frazier materially and significantly, over long duration, shocked the conscience and interfered with

**COMPLAINT** - 9

her liberty and property interests in Odus, thus constituting an impermissible seizure in violation of the Fourth Amendment and procedural and substantive dimensions of the Fifth Amendment's due process clause.

57. As a direct result of the foregoing, Frazier sustained constitutional injuries and damages in an amount to be proven at trial, including but not limited to legal jeopardy, mental pain and anguish, emotional trauma, embarrassment, reputational damage and humiliation, financial losses, and loss of use of Odus.

## VII. STATE LAW CLAIMS

### FIRST CLAIM (CITY, COUNTY, GRAHAM) – Malicious Prosecution.

58. Defendants Graham, City (through Graham per agreement between City and County to use Owyhee County Sheriff's Office for local law enforcement, and furthered through Fitzer), and County (vicariously through employee Graham) acted under color of state law to institute and continue the criminal prosecution of Frazier.

59. No probable cause existed to support the filing and continued prosecution of the charge against Frazier.

60. Defendants instituted, encouraged, and continued to prosecute Frazier through malice and in reckless disregard of her rights.

61. The proceedings against Frazier were terminated on the merits in her favor.

62. As a direct result of the foregoing, Frazier sustained injuries and damages in an amount to be proven at trial, including but not limited to legal jeopardy, mental pain and anguish, emotional trauma, embarrassment, reputational damage and humiliation, financial losses, and loss of use of Odus.

### SECOND CLAIM (ALL DEFENDANTS) – Conversion/Trespass to Chattels.

COMPLAINT - 10

63.     Whether construed as willful conversion or trespass to chattels, individual defendants Hammond, Graham, and Gist intentionally exercised unauthorized dominion and control over Odus and withheld him, on threat of euthanasia, for over four months, causing damage to Frazier.

64.     City and County are vicariously liable for such acts of the individual defendants based on *respondeat superior*.

### THIRD CLAIM (ALL DEFENDANTS) – Outrage.

65.     Individual defendants Hammond, Graham, and Gist engaged in extreme and outrageous conduct, which was intentional and/or reckless in nature, causing severe emotional distress to Frazier.

66.     City and County are vicariously liable for such acts of the individual defendants based on *respondeat superior*.

### FOURTH CLAIM (GRAHAM, HAMMOND, CITY, COUNTY) – Abuse of Process.

67.     Individual defendants Hammond and Graham willfully used legal process not proper in the regular course of the proceeding for an ulterior, improper purpose, viz., a sham criminal citation to purportedly justify the seizure of Odus.

68.     City and County are vicariously liable for such acts of the individual defendants based on *respondeat superior*.

### PRAYER

WHEREFORE, Frazier prays for judgment against Defendants, joint and several, as follows:

A.  For economic damages;

B.  For noneconomic damages;

**COMPLAINT** - 11

C. For punitive damages against Hammond, Graham, Gist, City, and County;

D. For injunctive relief as stated;

E. For declaratory relief as stated;

F. For costs of suit under IC 6-610 and any other basis;

G. For reasonable attorney's fees and other litigation-related costs as allowed by law under 42 U.S.C. § 1988, IC 12-121, or as otherwise provided by law or equity; and

H. For such other and further relief as the Court may deem just and proper.

Dated this August 17, 2020.

ANIMAL LAW OFFICES

*/s/ Adam P. Karp*

_____
Adam P. Karp, ISBA No. 8913
*Attorney for Plaintiff Frazier*
114 W. Magnolia St., Ste. 400-104
Bellingham, WA  98225
(888) 430-0001
adam@animal-lawyer.com

**COMPLAINT** -  12